**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIMOTHY G.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-00365

Bowman, C.M.J.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Timothy G. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is AFFIRMED, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

**I. Summary of Administrative Record**

Plaintiff received a favorable initial SSI determination in 2017. (Tr. 56, 166). Plaintiff's benefits were thereafter suspended when his income, including income deemed from his spouse, exceeded the applicable SSI limit. (Tr. 236). The record reflects

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

an excess-income suspension beginning in August 2018 and a termination in August 2019, after twelve consecutive months of suspension. (Id.).

Plaintiff then filed the present application for disability benefits in February 2021 alleging disability beginning in January 2017. The claim was denied initially on December 12, 2022, and upon reconsideration on May 4, 2023. Thereafter, Plaintiff filed a written request for a hearing. At a video hearing held on November 8, 2023, Plaintiff appeared with counsel and gave testimony before ALJ Jeannine Lesperance. A vocational expert ("VE") also testified. At the administrative hearing, Plaintiff's counsel expressly confirmed that Plaintiff was not seeking to reopen the earlier claim and sought disability only from the current application date forward. (Tr. 36-37). On January 9, 2024, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 7-25).

Plaintiff was born on September 24, 1972, and was 48 years old on the date his application was filed. He graduated high school and has no past relevant work. (Tr. 21). He alleges disability based primarily on mental health impairments.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "major depressive disorder, generalized anxiety disorder, and personality disorder." (Tr. 12). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform a full range of work subject to the following limitations:

> He can perform simple tasks without a production rate pace; can interact occasionally with supervisors and coworkers, but job duties should not require public interaction; and can adapt to occasional changes.

(Tr. 15).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform jobs in the national economy including laundry worker, industrial cleaner and automobile detailer. (Tr. 21). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by failing to properly evaluate the 2017 administrative findings in violation of 20 C.F.R. § 404.1520c. Upon close analysis, I conclude that Plaintiff's assignment of error is not well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

Plaintiff's sole assignment of error is that the ALJ failed to properly evaluate and articulate the persuasiveness of prior administrative findings in accordance with 20 C.F.R. § 404.1520c(b)(2). Because Plaintiff claim was filed after March 27, 2017, Plaintiff argues that the ALJ was required to evaluate all medical opinions and prior administrative findings under the framework set forth in 20 C.F.R. § 404.1520c. Plaintiff's contentions are unavailing.

At the outset, the undersigned notes SSI eligibility turns on more than disability. An individual must also satisfy the program's income and resource requirements. See 42 U.S.C. § 1381a; 20 C.F.R. §§ 416.200, 416.202. When an SSI recipient has excess income, the Commissioner suspends benefit payments. 20 C.F.R. § 416.1323. And, following twelve consecutive months of benefit suspension for any reason, the Commissioner terminates eligibility. 20 C.F.R. § 416.1335. The recipient must then file a new application and again be found eligible for SSI benefits. See 42 U.S.C. § 1383(j)(1)(B).

Here, the record indicates that Plaintiff filed a prior application for benefits and was awarded SSI in 2017. (Tr. 56, 166). He then married in June 2018. (Tr. 126). His benefits were then terminated due to excess income following his marriage. Notably, the Agency systems query reflects a suspension designation beginning in August 2018, deemed spousal income beginning that same month, and termination in August 2019. (Tr. 236). Plaintiff likewise testified that he had received SSI benefits but ceased receiving them after marrying, and he later reapplied following his divorce. (Tr. 37, 41). The ALJ was adjudicating a new application and a new, unadjudicated period beginning February 26, 2021. His counsel confirmed that Plaintiff sought adjudication only from the filing date of the present application and did not request reopening of the earlier claim. (Tr. 36-37). As such, the 2017 allowance did not remain an open claim, and Plaintiff did not invoke the administrative procedures for reopening that prior determination.

Notably, Plaintiff was not undergoing a continuing-disability review[2]. His prior eligibility had been terminated after twelve continuous months of payment suspension, and sometime later he filed a new SSI application. As noted by the Commissioner, the Plaintiff has not shown any evidence that he requested reinstatement of benefits within 12 months of the August 2018 suspension. Instead, he filed a new SSI application in February 2021. (Tr. 126), which effectively started the adjudication process over. See 42

[2] In continuing disability reviews, the adjudicator considers both the evidence at the time of the most recent favorable determination or decision (known as the "comparison point" determination or decision) as well as the current evidence, to determine whether medical improvement has occurred. See generally 20 C.F.R. §§ 416.994 (discussing continuing disability reviews generally), 416.994(B)(1)(vii) (discussing the comparison point for medical improvement). Plaintiff, however, did not undergo a continuing disability review. Rather, he filed a new SSI application, so the concept of a "comparison point" determination or decision does not apply

U.S.C. § 1383(j)(1)(B) (requiring re-application and a finding of eligibility after a 12-month period of ineligibility).

Under the agency policy applicable to this case, if an individual files a subsequent application for disability benefits under the same title of the Act, and the claim involves an unadjudicated period of time, the agency decides the facts and issues of the new claim anew with respect to the unadjudicated period; though in the Sixth Circuit, the agency has acquiesced to circuit case law requiring consideration of ALJ and Appeals Council decisions from prior claims (neither of which is present here, as Plaintiff's prior claim did not proceed to the ALJ or Appeals Council level). Accordingly, the ALJ was not required to conduct a medical-improvement analysis by comparing the 2017 initial determination to the current evidence.

In support of statement of errors, Plaintiff cites to 20 C.F.R. § 416.920c, which governs the consideration and articulation of medical opinions and prior administrative medical findings. Plaintiff's contention is misplaced. Here, the 2017 initial determination was not a "prior administrative medical finding" in this claim. Namely, a "prior administrative medical finding" is a finding regarding a medical issue made by a Federal or State agency medical or psychological consultant "at a prior level of review" in "your **current claim**," based on review of the evidence in the claimant's case record. 20 C.F.R. § 416.913(a)(5) (emphasis added).

Thus, the findings made in Plaintiff's prior claim were not "prior administrative medical findings" for the current claim. As such, Plaintiff has not shown that the ALJ erred by failing to consider the 2017 prior claim.

Additionally, Plaintiff also cursory argues that the ALJ's decision as a whole was not supported by substantial evidence and does not provide for meaningful review. To the contrary, the ALJ properly evaluated the evidence during the relevant period, the RFC determination, as well as the vocational findings. Namely, the ALJ found that Plaintiff retained the capacity for work at all exertional levels subject to significant nonexertional limitations, including simple tasks, no production-rate pace, no public interaction, occasional interaction with supervisors and coworkers, and only occasional workplace changes. (Tr. 15.) The decision identifies substantial evidence supporting those findings, including Plaintiff's activities, generally unremarkable mental status examinations, limited treatment during the relevant period, and the medical-opinion evidence. (Tr. 12–21.) The vocational expert's testimony, in turn, supported the ALJ's step-five finding. (Tr. 21–22, 49–51.)

The Court's role is not to reconsider the evidence de novo or resolve conflicts in the record. Because the ALJ applied the correct legal framework and substantial evidence supports the decision, the Commissioner's determination must be affirmed.

**III. Conclusion**

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE** and is **AFFIRMED. IT IS FURTHER ORDERED THAT** this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge